## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

REDEVELOPMENT AUTHORITY
OF THE CITY OF POTTSVILLE,

      Petitioner,

      v.

23 NORTH CENTRE STREET,
POTTSVILLE, PENNSYLVANIA,
TAX PARCEL ID NO. 68-27-
0362.000, et al.,

      Respondents.

CIVIL ACTION NO. 3:25-cv-00902

(SAPORITO, J.)

## MEMORANDUM

This matter comes before the court on a motion to remand this diversity case to the state court from which it was removed. In addition, the movant has requested that it be awarded costs and attorney fees incurred as a result of the removal of this case to federal court. For the reasons set forth below, the motion will be granted.

I. BACKGROUND

On September 16, 2024, the petitioner, Redevelopment Authority of the City of Pottsville (the "Redevelopment Authority"), commenced this conservatorship action by filing a petition in the Court of Common Pleas for Schuylkill County, Pennsylvania, styled as *Redevelopment Authority*

*of the City of Pottsville v. 23 North Centre Street Pottsville*, No. S-1767-2024 (Schuylkill Cnty. (Pa.) Ct. Com. Pl. filed Sept. 16 2024), seeking a court-appointed conservator pursuant to the Abandoned and Blighted Property Conservatorship Act, 68 P.S. § 1101 *et seq.*[1]

The petition included two named respondents. The first was the allegedly blighted property itself, a building and parcel of land located at 23 North Centre Street, Pottsville, Schuylkill County, Pennsylvania, commonly known as the "Thompson Building," which has been assigned tax parcel number 68-27-362 by the county. The other named respondent was the record owner of the property, Advanced Consulting, Inc., a Minnesota corporation with its principal place of business in New York, which had apparently acquired the property via a tax sale on April 28, 2021.[2]

---

[1] A copy of the original state-court petition has been filed as an exhibit to the removing defendant's notice of removal. *See* Doc. 1-2, at 28–58. Regardless, a district court may properly take judicial notice of state and federal court records. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 498–99 (3d Cir. 1997); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967).

[2] *See* Schuylkill Cnty. (Pa.) Recorder of Deeds, https://pa.uslandrecords.com (select "Schuylkill" from counties menu, select "Volume Search" from search type menu, and search for "Volume 2729,

*(continued on next page)*

Appearing initially through counsel, Advanced Consulting filed an answer and appeared for a hearing on the petition on October 30, 2024. Finding that additional time was needed for the hearing, the state court continued it until December 9, 2024.

On December 5, 2024, the chief executive officer of Advanced Consulting, an individual named Gemini Lake, filed a pro se civil rights action in this court, seeking to enjoin the state court proceedings, claiming that the state-court conservatorship proceedings violated his federal constitutional rights. On December 6, 2024, we entered an opinion and order dismissing Lake's civil rights action for lack of subject matter jurisdiction. *See Lake v. Brennan*, No. 3:24-cv-02104, 2024 WL 5008863 (M.D. Pa. Dec. 6, 2024).

On December 8, 2024, Advanced Consulting filed a pro se Chapter

---

Page 2103") (deed recorded Apr. 30, 2021) (last visited Jan. 29, 2026); Schuylkill Cnty. (Pa.) Assessment Information Website, https://gis.vgsi.com/SchuylkillCountyPA/Search.aspx (search for address "23 N Centre Street" for property ownership history) (last visited Jan. 29, 2026). A district court may take judicial notice of publicly recorded property records such as this. *See generally* Fed. R. Evid. 201; *Gagliardi v. Kratzenberg*, 188 Fed. App'x 86, 88 n.3 (3d Cir. 2006) (per curiam) (taking judicial notice of publicly recorded deeds reflecting property ownership); *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 556 (M.D. Pa. 2013) (taking judicial notice of publicly recorded real estate transfer records).

11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York. *See In re Adv. Consulting Inc.*, No. 24-12456-pb (Bankr. S.D.N.Y. dismissed Feb. 19, 2025).[3]

On December 9, 2024, the date of the scheduled hearing in this matter, the state court entered an order staying the conservatorship proceedings after being advised of Advanced Consulting's eleventh-hour bankruptcy petition.

On February 19, 2025, Advanced Consulting's bankruptcy petition was dismissed with prejudice on the motion of the United States Trustee. In dismissing the case, the bankruptcy court expressly found, in its written order and in its bench ruling, that the debtor had filed the bankruptcy case in bad faith and for tactical or dilatory reasons. *See In re Adv. Consulting Inc.*, No. 24-12456-pb (Bankr. S.D.N.Y. dismissed Feb. 19, 2025). That same day, presumably upon receiving notice that the bankruptcy case had been dismissed, the state court scheduled a two-day trial on the petition, to take place on March 5 and 10, 2025.

On March 3, 2025, the state court entered an order formally lifting

---

[3] Advanced Consulting's pro se Chapter 11 petition was signed by Lake as its CEO and authorized representative. The debtor was never represented by counsel in the bankruptcy proceedings.

its stay of the conservatorship action, and it rescheduled the two-day trial for April 9 and 11, 2025.

On March 21, 2025, Advanced Consulting's attorney, Anthony M. Crane, Esq., moved for leave to withdraw as counsel of record for the corporation due to personal health reasons.

On March 26, 2025, Lake filed a *second* pro se federal civil rights action related to the Thompson Building conservatorship proceedings, seeking monetary damages and declaratory and injunctive relief, including an order enjoining the state conservatorship action from proceeding. That action has been referred to a United States magistrate judge for all pretrial proceedings, and it remains pending. *See Lake v. Brennan*, No. 3:25-cv-00548 (M.D. Pa. filed Mar. 26, 2025).

Following a phone conference on April 3, 2025, the state court granted Attorney Crane's motion to withdraw as counsel of record for Advanced Consulting.

On April 7, 2025, Lake filed a *third* pro se federal civil rights action related to the Thompson Building conservatorship proceedings, again seeking monetary damages and declaratory and injunctive relief, including an order enjoining the state conservatorship action from

proceeding. That action has been referred to a United States magistrate judge for all pretrial proceedings, and it remains pending. *See Lake v. Redevelopment Auth. of the City of Pottsville*, No. 3:25-cv-00668 (M.D. Pa. filed Apr. 7, 2025).

On the April 9, 2025, trial date, Lake appeared and informed the state court that he had been unable to obtain substitute counsel to represent Advanced Consulting in the conservatorship action. But he further informed the state court that, on April 1, 2025, Advanced Consulting had conveyed a 50-percent ownership stake in the Thompson Building to him personally, and that the deed conveying that interest to Lake had been recorded on April 7, 2025.[4] That same day, the state court entered an order rescheduling the two-day trial for May 22 and 23, 2025, and adding Lake to the action as a party-respondent in recognition of his newly acquired status as a record owner of the property.

---

[4] *See* Schuylkill Cnty. (Pa.) Recorder of Deeds, https://pa.uslandrecords.com (select "Schuylkill" from counties menu, select "Volume Search" from search type menu, and search for "Volume 2899, Page 2479") (deed recorded Apr. 7, 2025) (last visited Jan. 29, 2026); Schuylkill Cnty. (Pa.) Assessment Information Website, https://gis.vgsi.com/SchuylkillCountyPA/Search.aspx (search for address "23 N Centre Street" for property ownership history) (last visited Jan. 29, 2026).

On the eve of trial in the state court, May 21, 2025, Lake filed a notice of removal in this federal court, which was received over the counter by the clerk. Service copies of the notice, however, were not delivered to the state court or to the Redevelopment Authority until May 22, 2025.

Not yet having received service of the notice of removal, the state court commenced trial on the morning of May 22, 2025. Although Lake informed the court of his filing of the notice of removal, in light of his history of dilatory conduct in connection with this litigation, petitioner's counsel and the state court were apparently skeptical of his claims. After informing the state court of the filing of his notice of removal and arguing that the proceeding should not go forward, Lake left the courtroom against the court's advice. The trial then proceeded without Lake present, with the court receiving testimony from several witnesses and admitting several documentary exhibits. At the conclusion of the trial, the state court took the matter under advisement and informed the petitioner that it would issue an order in the near future.[5] No ruling was ever entered,

---

[5] Lake has submitted a copy of the trial transcript as an exhibit to his brief in opposition to remand. *See* Doc. 11-1.

however, apparently because the court and the petitioner subsequently learned that they had received service copies of the notice of removal that same day.

## II.  LEGAL STANDARD

28 U.S.C. § 1441 governs the removal of a case to federal court. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). Thus, "[t]he defendants bear the burden of establishing removal jurisdiction and demonstrating compliance with all pertinent procedural requirements." *Shadie v. Aventis Pasteur*, 254 F. Supp. 2d 509, 514 (M.D. Pa. 2003); *see also Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995) ("[T]he burden of establishing removal jurisdiction rests with the defendant."); *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 555 (W.D. Pa. 2015) ("Defendants must also establish that

all pertinent procedural requirements for removal have been met.").

A defendant seeking to remove an action must file a notice of removal with the district court within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the complaint or initial pleading. 28 U.S.C. § 1446(b)(1); *see also Shadie*, 254 F. Supp. 2d at 514. When a case involves multiple defendants, "each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." *Delalla v. Hanover Ins.*, 660 F.3d 180, 185 (3d Cir. 2011). "[A]ll defendants must unanimously join or consent to the removal through a timely-filed, express written indication of consent." *Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 756 (E.D. Pa. 2016). "This action can take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court." *Rand v. Everson*, ___ F. Supp. 3d ___, 2025 WL 3172848, at *1 (M.D. Pa. Nov. 13, 2025) (internal quotation marks omitted).

"Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court." *Id.* at *2; *see also Brown v. Rite Aid Corp.*, 415 F. Supp. 3d 588, 591 (E.D. Pa. 2019); *Baldy*, 149 F.

Supp. 3d at 555. "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). However, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "A motion to remand based on an objection to a procedural defect in the removal process is clearly waived if it is not raised within thirty days after the filing of the notice of removal." *Ramos v. Quien*, 631 F. Supp. 22d 601, 608 (E.D. Pa. 2008) (citing *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 450 (3d Cir. 2000), and *Ariel Land Owners, Inc. v. Dring*, 351 F. 3d 611, 613 (3d Cir. 2003)); *see also Rand*, ___ F. Supp. 3d at ____, 2025 WL 3172848, at *2; *St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc.*, 774 F. Supp. 2d 596, 613 (D. Del. 2011). Courts are without authority to expand this period. *See Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989) ("By remanding the case for procedural defects after the thirty day limit imposed by . . . Section 1447(c) had expired, the district court exceeded its statutorily defined power.") (internal quotation marks and brackets omitted); *see also Rand*,

___ F. Supp. 3d at ____, 2025 WL 3172848, at *2.

## III.   DISCUSSION

Here, the petitioner has raised two non-jurisdictional objections to removal, which require this case to be remanded to state court. First, Lake's eleventh-hour filing of the notice of removal was untimely, coming well more than thirty days after the state court ordered him added as a respondent to the petition, which it did in conjunction with a hearing at which Lake was present and in which he participated. Second, the corporate respondent, Advanced Consulting, similarly failed to timely join or consent in removal of the case.

As CEO of Advanced Consulting, Lake was aware of and had participated in the conservatorship action since it had commenced in September 2024. He personally participated in multiple hearings in this matter before the state court, including—at a minimum—hearings conducted on December 4, 2024, April 9, 2025, and May 22, 2025.

At the April 9, 2025, state court hearing, Lake appeared pro se and informed the state court that he had personally acquired a 50-percent ownership interest in the property at issue by a deed recorded on April 7, 2025. That same day, the state court entered an order joining Lake as a

party-respondent, based on his newly acquired ownership interest in the property. At the time, Lake had already received a copy of the conservatorship petition, and thus the action became newly removable upon his joinder as a party-respondent. *See* 28 U.S.C. § 1446(b)(2); *Delalla*, 660 F.3d at 185.

On May 21, 2025—one day before the state court trial was scheduled to commence, and *forty-two days* after he was joined as a party-respondent in this conservatorship action—Lake filed his notice of removal in this action. Doc. 1.

On May 30, 2025—*fifty-one days* after Lake was joined as a party-respondent in this action—Advanced Consulting filed its initial, defective written consent to removal of this action. Doc. 6. Advanced Consulting's initial written notice of consent was not signed by counsel of record for the corporation; rather, it was signed by non-attorney Lake in his capacity as CEO of Advanced Consulting. *Id.* On July 10, 2025, we entered an order advising Advanced Consulting that its written consent to removal was defective and subject to being stricken under Rule 11(a) of the Federal Rules of Civil Procedure if the defect was not timely cured. Doc. 16. On August 25, 2025—*138 days* after Lake was joined as a party-

respondent in this action—counsel of record entered her appearance on behalf of Advanced Consulting and filed a written consent to removal on behalf of the corporation. Doc. 22.

On June 5, 2025—less than thirty days after Lake's notice of removal was filed—the petitioner timely filed a motion to remand this conservatorship action to state court. Doc. 8; *see also* Doc. 9. Among other reasons given, the petitioner argued that Lake had failed to timely file his notice of removal in this action, and that Advanced Consulting had failed to timely join or consent in writing to Lake's removal of the action.

The petitioner's objections to removal are well taken. Under the circumstances set forth above, Lake's notice of removal and Advanced Consulting's written consent to removal were both untimely filed, well more than thirty days after Lake was properly joined and had received a copy of the initial pleading in this action, and thus we are compelled to remand the matter to state court for any further proceedings. *See Weinstein v. Paul Revere Ins. Co.*, 15 F. Supp. 2d 552, 560 (D.N.J. 1998) ("While the time limitations of 28 U.S.C. § 1446(b) are not jurisdictional, they are mandatory and are to be strictly construed when asserted by a party."); *Capone v. Harris Corp.*, 694 F. Supp. 111, 112 (E.D. Pa. 1988)

("Failure to file a petition for removal within the thirty days provided by § 1446(b) is sufficient ground on which to remand."); *Balestrieri v. Bell Asbestos Mines, Ltd.*, 544 F. Supp. 528, 529 (E.D. Pa. 1982) ("This 30-day limitation [for removal] is mandatory and cannot be extended by the court."); *see also, e.g.*, *Maglio v. F.W. Woolworth Co.*, 542 F. Supp. 39 (E.D. Pa. 1982) (remanding case in which notice of removal was filed *thirty-one days* after complaint was received by the defendant in the mail).

We must then turn to the petitioner's request for an award of costs and reasonable attorney fees. Section 1447(c) expressly provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "An award under Section 1447(c) is appropriate whether remand is based upon a jurisdictional defect or a defect in the removal procedure." *Lior v. Sit*, 913 F. Supp. 868, 878 (D.N.J. 1996). "Although the Court has 'broad discretion' in determining whether to award fees, such an award is only proper if 'the removing party lacked an objectively reasonable basis for seeking removal.'" *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 524 (D.N.J. 2012) (quoting *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996), and *Martin v.*

*Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)) (citations omitted). "A finding of bad faith by the removing party is not required for an award under Section 1447(c)." *Lior*, 913 F. Supp. at 878; *see also Mints*, 99 F.3d at 1260 ("[T]he district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith."); *Little League Baseball, Inc. v. Welsh Pub. Grp., Inc.*, 874 F. Supp. 648, 656 (M.D. Pa. 1995) ("An award of costs does not require a finding of bad faith on the part of the removing party.").

"A defendant's untimeliness in filing his notice of removal is 'precisely the type of removal defect contemplated by § 1447(c).'" *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995)). Thus, "[i]f objectively unreasonable, an untimely removal may give rise to an award of fees and costs under § 1447(c)." *Id.* (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir. 2006)); *see also Net 2 Press, Inc. v. Nat'l Graphic Supply Corp.*, 324 F. Supp. 2d 15, 19 (D. Me. 2004) (awarding costs and fees where removal was "obviously" untimely and thus improper); *Lior*, 913 F. Supp. at 878 (awarding costs and reasonable

attorney fees where, among other defects, the amended notice of removal was filed thirty-four days after the removing defendants received a draft stipulation from the plaintiffs dismissing an allegedly nondiverse corporate defendant); *cf. Little League Baseball*, 874 F. Supp. at 656 (awarding costs under § 1447(c) where "'minimal research' into a fundamental question would have revealed to the removing party that removal was improper"). Here, because minimal research would have revealed to Lake that the time period for removal had *already* expired, his filing of a notice of removal forty-two days after the state court had ordered his joinder as a party-respondent, and his company's filing of written consent to removal weeks or even months later, were obviously untimely and thus objectively unreasonable.

Moreover, although the court need not find that Lake acted dilatorily or in bad faith to award costs and attorney fees incurred due to removal, we cannot overlook the removing defendant's clear pattern of delay and abuse of legal process. In particular, we have considered Lake's multiple eleventh-hour filings in federal district and bankruptcy court, undertaken by him in a conspicuous bad-faith effort to delay state court proceedings scheduled to occur in this conservatorship action within days

after those filings, and in an attempt to force the Redevelopment Authority to incur additional, unnecessary expenses. *Cf. Fosnocht v. Demko*, 438 F. Supp. 2d 561, 565 (E.D. Pa. 2006).

## IV.    CONCLUSION

For the foregoing reasons, the petitioner's motion (Doc. 8) will be granted in its entirety. This action will be remanded to the Court of Common Pleas for Schuylkill County, Pennsylvania, for all further proceedings on the conservatorship petition, and the removing respondent, Gemini Lake, will be ordered to reimburse the petitioner for the costs and reasonable attorney fees it has incurred as a result of the improper removal of this action to federal court, pursuant to 28 U.S.C. § 1447(c).

An appropriate order follows.


Dated: February 4, 2026              *s/Joseph F. Saporito, Jr.*
                                     JOSEPH F. SAPORITO, JR.
                                     United States District Judge